IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER PRUETTE<br>STEVEN PRUETTE Trading as<br>INSEARCH PARTNERS<br><br>v.<br><br>EGAN JONES RATINGS COMPANY<br><br>Respondent | :<br>:<br>:<br>:<br>: No. 2:18-cv-03734<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ANSWER WITH COUNTERCLAIM

Defendant, Egan Jones Ratings Company ("Ratings"), by and through its undersigned counsel, herein responds to the averments in Plaintiff's Complaint seeking judgment be entered in its favor and asserts a counterclaim demanding damages from Plaintiffs, averring in support thereof:

1.   Admitted.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   Denied. After reasonable investigation, Ratings is unable to admit or deny the veracity of the averment and it is therefore denied.

6.   Admitted in part, denied in part. It is admitted only that Ratings has a principal place of business located at the Haverford address.

7.   Admitted in part, denied in part. It is admitted the Agreement was enetered into. The remainder of the averment is denied. The Agreement was for a defined term and

the Plaintiffs on at least two occasions admitted in writing that the Agreement expired in December 2003. *See* Proposed agreement executed by Steven Pruette and handwritten note from Steven Pruette, true and correct copies of which are attached hereto and made a part hereof as Exhibit's A and B respectively.

8. Admitted in part, denied in part. It is admitted an Agreement was reached in 2003, however it was a written document. *See* Exhibit A. There was never an agreement reached related to proxy services. It is specifically denied that any agreement related to proxy sales incorporated any terms of the 1998 Agreement.

9. Denied.

10. Admitted in part, denied in part. It is admitted that as the parties never entered into an agreement, there could be no arbitration provision.

11. Denied.

12. Admitted in part, denied in part. It is admitted that commissions were paid, but it is denied commissions were paid pursuant to any agreement with Plaintiffs.

13. Admitted in part, denied in part. It is admitted that commissions were stopped. As the parties attempted to define their relationship in 2006 Ratings wrote to inform Plaintiffs that any prior agreements were terminated and that a new commission structure would be implemented. *See* Letter dated May 6, 2006 which is attached hereto and made a part hereof as Exhibit "C". The new terms provided that commissions would cease after several renewals. As of September 2014, Plaintiffs were no longer entitled to commissions on further renewals.

14. Admitted. It is admitted that payments were stopped due to the material breaches of Ratings' Code of Conduct and Securities and Exchange Commission ("SEC")rules and regulations. The conduct resulted in Christopher Pruette being suspended from any relationship with Ratings as required by the Code of Conduct and the SEC rules

and regulations.

15.     Denied. *See* prior answer.

16.     Denied. It is denied that any such demand was made as Pruette was fully informed of his suspension.

17.     Denied. The averment constitutes a conclusion of law to which no response is required.

18.     Denied. The averment constitutes a conclusion of law to which no response is required.

19.     Admitted in part, denied in part. It is admitted the language appears in the 1998 Agreement. It is specifically denied said language was ever part of any arrangement by which proxy Sales were controlled.

## COUNT I

20.     Ratings incorporates by reference the responses to the averments in paragraphs 1 through 19 as if fully set forth herein.

21.     Denied. The averment constitutes a conclusion of law to which no response if required.

## COUNT II

22.     Ratings incorporates by reference the responses to the averments in paragraphs 1 through 21 as if fully set forth herein.

23.     Denied. The averment constitutes a conclusion of law to which no response if required.

## JURY DEMAND

24.     Denied. As Plaintiffs fail to set forth a claim for relief upon which relief may be granted, it is denied that Plaintiffs are entitled to a jury trial.

WHEREFORE, Egan Jones Ratings Company demands judgment be entered in its

favor and against Plaintiffs along with an award of costs, fees and any other relief the court deems appropriate.

## AFFIRMATIVE DEFENSES

25. Ratings incorporates by reference the responses to the averments in paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiffs fail to set forth a cause of action upon which relief may be granted.

27. Plaintiffs" claims are barred by the applicable statutes of limitations.

28. Plaintiffs' claims fail for failure of consideration.

29. Plaintiffs' claims fail as they have received payment for any sums owed.

30. Plaintiffs' claims are barred by the doctrine of *res judicata.*

31. If there was legally enforceable agreement, the material breaches by Christopher Pruette of Rating's Code of Conduct and the SEC rules and regulations excuse any further performance by Ratings.

32. Any claim for damages is void on public policy grounds due to the material breaches of the Code of Conduct and SEC rules and regulations.

WHEREFORE, Egan Jones Ratings Company demands judgment be entered in its favor and against Plaintiffs along with an award of costs, fees and any other relief the court deems appropriate.

## COUNTERCLAIM

33. Ratings incorporates by reference the responses to the averments in paragraphs 1 through 24 as well as the averments in paragraphs 25 through 32 as if fully set forth herein.

34. No agreement, either oral or written was reached between the parties as to the compensation due Plaintiffs for the sale of proxy services.

35. Despite no agreement, Plaintiffs were compensated.

36. After the suspension of Christopher Pruette, Ratings discovered overpayment to Plaintiffs related to proxy sales.

37. Ratings is entitled to recoup the over payments.

WHEREFORE, Egan Jones Ratings Company demands judgment be entered in its favor and against Plaintiffs along with an award of costs, fees and any other relief the court deems appropriate.

Respectfully submitted,

10-3-18
Date

PATRICK T. HENIGAN, ESQUIRE
Attorney I.D. No.: 49448
**ECKELL, SPARKS, LEVY, AUERBACH, MONTE, SLOANE, MATTHEWS & AUSLANDER, P.C.**
300 West State Street
Suite 300
Media, PA 19063
(610) 565.3700 (phone)
(610) 565.1596 (facsimile)
phenigan@eckellsparks.com